UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICIA GILL,

                Plaintiff,

-against-

MERCY COLLEGE, EVAN IMBER-BLACK, MICHAEL SPERLING, LOIS WIMS, SHELLY ALKIN, DEIDRE WHITMAN and KIMBERLY CLINE.

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/18

No. 17-cv-1769 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

*Pro se* plaintiff Patricia Gill ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983 against Defendants, Mercy College ("Mercy"), Evan Imber-Black, Michael Sperling, Lois Wims, Shelly Alkin, Deidre Whitman, and Kimberly Cline (collectively "Defendants"). (*See* Complaint, ("Compl.") ECF No. 2.) Before this Court is Defendants' motion to dismiss Plaintiff's Complaint ("Defendants' Motion") filed on August 29, 2017. (*See* ECF No. 20.) For the following reasons, Defendants' Motion is GRANTED and the complaint is dismissed with prejudice.

## PROCEDURAL BACKGROUND[1]

The following procedural facts– which are taken from the Complaint, documents annexed thereto, and matters of which the Court may take judicial notice[2] – are construed in the light most

---

[1] In the exercise of judicial restraint, this Court need not to address the factual allegations pertaining to Plaintiff's claims, as the Court lacks subject matter jurisdiction over them.

[2] The Court will take judicial notice of the documents attached to Jeffrey S. Kramer's Declaration in Support of Defendants' Motion to Dismiss (ECF No. 22) ("Kramer Decl.") and consider it for purposes of this motion, as documents which are either incorporated by reference or integral to the Complaint. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d at 153 (2d Cir. 2002).

1

favorable to Plaintiff, as she is the non-moving party.[3] *See, e.g.*, *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011).

On two separate occasions Plaintiff applied for admission to Mercy's graduate "Marriage and Family Therapy Program" (the "Program"). (*See* Compl. at 6.)[4] Plaintiff claims that she was denied admission to the Program because of her dyslexia and vision impairment. (*Id.*) Plaintiff contends that such a denial constitutes a violation of the N.Y.C. Administrative Code § 8-107, which provides that discrimination on the basis of a person's disability is unlawful. (*Id.* at 7.)

In an attempt to seek relief for what she believed to be discrimination, on July 12, 2012, Plaintiff filed an initial complaint against the Defendants named herein with the New York City Commission on Human Rights (the "NYCHR"), asserting that Mercy denied her admission to the Program because of her disabilities. (*See* Kramer Decl., Ex. A.) The NYCHR determined that Defendants sufficiently established that the denial of admission was based on legitimate, nondiscriminatory reasons. (*See* Compl. at 22.) Consequently, the NYCHR dismissed the complaint. (*See* Kramer Decl., Ex. B.)

After the NYCHR dismissed Plaintiff's complaint, she initiated an Article 78 proceeding in New York State Supreme Court. (*See* Kramer Decl., Ex. E) During the pendency of that proceeding, Plaintiff filed three motions seeking: (1) to vacate the NYCHR decision; (2) a mandatory injunction compelling Mercy to admit her into the Program; and (3) an order awarding Plaintiff legal fees and any other relief the court deemed proper. (*Id.* Exs. E-F.) In response,

---

[3] "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Booker v. Griffin*, No. 16-CV-00072 (NSR), 2018 WL 1614346, at 4 (S.D.N.Y. Mar. 31, 2018). The Court assumes the truth of the facts alleged in Plaintiff's Complaint for purposes of this motion only.

[4] As Plaintiff is proceeding *pro se* and her Complaint is the standard, fillable form complaint, all citations thereto will be to pages, not paragraphs.

Defendants moved to dismiss the proceeding. (*See* ECF No. 20.) Justice Hunter adjudicated the matter and granted Defendants' motions,[5] ultimately dismissing the matter. (*See id.*)

Thereafter, Plaintiff appealed the decision to the Appellate Division; the court denied the petition. (*See* Kramer Decl. Ex. H.) Specifically, the court held that, "[a]s the article 78 court found, petitioner failed to exhaust her administrative remedies." (*See id.*) In addition, it noted that "judicial review would in any event be time-barred, because the proceeding was brought more than thirty days after the service of determination." (*See id.*) Plaintiff then filed a motion for reconsideration which was denied. (*Id.* Ex. I.) Plaintiff subsequently sought leave to appeal to the Court of Appeals; the motion was denied. (*Id.* Ex. J.) On March 9, 2017, Plaintiff initiated the present action seeking Appellate Review. Before the Court is Defendants' Motion pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 41(b).

## STANDARD ON MOTION TO DISMISS

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, dismissal is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A plaintiff bears the burden of proving subject matter jurisdiction by preponderance of the evidence. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012); *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova*, 201 F.3d at 113). "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin.*

---

[5] The Court concluded that Plaintiff failed to exhaust administrative remedies of appeal before initiating the NYCHR. (*See* Kramer Decl., at Ex. F.) Specifically, the court reasoned that the decision Plaintiff received at the NYCHR was not a final decision ripe for review in a court of law. (*Id.*) Nevertheless, the court found Plaintiff's claim to be time barred because administrative law requires the institution of a matter challenging an NYCHR decision within thirty days of service of the agency's final order. (*Id.*) Finally, the Court held that the NYCHR decision was not arbitrary or capricious, nor lacking a rational basis. (*See id.*)

*Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Nevertheless, the Court must accept as true all the facts alleged in the complaint. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). This Court may consider, in addition to the factual allegations in the complaint, "[t]he documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

A court lacks subject matter jurisdiction if plaintiff's claim are barred by either the *Rooker-Feldman* doctrine or res judicata. The *Rooker-Feldman* doctrine precludes federal cases "that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Moreover, "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell* v. *Sac Cty.*, 94 U.S. 351 (1876)).

## DISCUSSION

Defendants primarily argue that dismissal is warranted for lack of subject matter jurisdiction. (*See* ECF No. 20.) Defendants also contend that, irrespective of whether this Court has jurisdiction, the Plaintiff's claim are barred by res judicata. (*Id.*) In the alternative, Defendants move to dismiss on grounds that Plaintiff's claims are time barred and that the Complaint otherwise fails to state a claim for relief. Furthermore, Defendants maintain that Plaintiff failed to comply with this Court's rules. (*Id.*) This Court finds that dismissal is proper for lack of subject matter jurisdiction.[6]

---

[6] As detailed *infra*, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims by operation of Rooker-Feldman and res judicata. Irrespective of the Complaint's sufficiency under the Fed. R. Civ. P. 12(b)(6) standard, the aforementioned doctrines preclude this Court's ability to adjudicate this matter. Therefore, this Court declines to explore whether dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper.

4

## I. Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine "denies federal district courts . . . jurisdiction over cases that essentially amount to appeals of state court judgments." denies "federal district courts ... jurisdiction over cases that essentially amount to appeals of state court judgments." *Barbato v. U.S. Bank Nat'l Ass'n*, No. 14-CV-2233 (NSR), 2016 WL 158588, at 2 (S.D.N.Y. Jan. 12, 2016) (citing *Vossbrinck*, 773 F.3d at 426). In order to dismiss a claim pursuant to the *Rooker-Feldman* doctrine, a court must find the following:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by [a] state-court judgment[.] Third, the plaintiff must invit[e] district court review and rejection of [that] judgment[]. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—i.e., *Rooker—Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation. The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive.

*Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

In the present action, all of the requirements are met; thus, this Court lacks subject matter jurisdiction. The first and fourth elements are clearly satisfied: Plaintiff lost every state court proceeding she commenced against Defendants between February 2015 and February 2017, prior to filing her Complaint with this Court on March 9, 2017. (ECF. No. 21.) The Court therefore focuses on the second and third required elements.

Correspondingly, the second and third elements are also met. Plaintiff alleges that the New York State Supreme Court's refusal to compel Mercy College to accept her into the Program has injured her; the second element is satisfied. (*See* Compl. at 11.) Additionally, Plaintiff seeks relief that would require this Court to invalidate and dismiss the state court's judgment, falling squarely within the third element. According to the Complaint, Plaintiff "is asking [the] United States

District Court to reverse the decisions the lower courts made." (*See* Compl. at 27.) Further, Plaintiff invites this Court to reject the judgment of the state court. Plaintiff states that she "feels strongly that Justice Alexander W. Hunter,[7] should have not dismissed the case." (*Id*. at 27.) Plaintiff adds that Justice Hunter "had the power to order the case be sent back to the City of New York Commission on Human Rights." (*Id*. at 27.) This Court, however, is only "empowered to exercise original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 283 (2005). Consequently, the *Rooker-Feldman* doctrine bars this Court from reviewing Plaintiff's claim. (*See Vossbrinck*, 773 F.3d at 427).

## II. Res Judicata

Assuming *arguendo* that the *Rooker-Feldman* doctrine did not apply, this Court would nevertheless lack subject matter jurisdiction to adjudicate the claim as it is precluded by res judicata. The doctrine of res judicata, or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 169 (2d Cir. 2012). To substantiate the defense of res judicata, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Graham v. Select Portfolio Serv., Inc.*, 156 F. Supp. 3d 491, 509 (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)). Furthermore, this Court must refer to New York State law "which has adopted a transactional approach to res judicata, barring a later claim arising out of the same factual grouping

---

[7] In addition to finding that Plaintiff failed to exhaust her administrative remedies and that the claim was otherwise barred by the statute of limitations, Justice Hunter found, on the merits, that "petitioner could not establish by a preponderance of the evidence that the Mercy respondents discriminated against her because of her disabilities. . . ." (*See* Kramer Decl., Ex. F.)

as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).[8]

Res judicata bars this Court from adjudicating this claim. First, Plaintiff's Article 78 petition was dismissed on the merits. (*See* Kramer Decl. Ex. F.) The state court, in addition to concluding that the Plaintiff failed to exhaust all available administrative remedies and that her claims were time barred by the statute of limitations, found on the merits that the "facts and circumstances surrounding the request for judicial review" revealed no foundation for annulling NYCHR's order. (*Id.*) Evidently, the dismissal of Plaintiff's claim was "not merely for pleading defect, but manifestly on the merits." *Lampert v. Ambassador Factors Corp.*, 266 A.D. 2d 124, (1st Dep't 1999), substantiating the first element of the doctrine of res judicata, *see* Graham, 156 F. Supp. 3d at 509.

Additionally, the second and third requirements of res judicata are undoubtedly met. The present claims involve the exact same parties to the state court action. (*Compare* with Kramer Decl., Ex. E.) Moreover, Plaintiff asserts the exact same claim in this Court as she did in the Article 78 proceeding. Plaintiff states that NYCHR erroneously decided her claim of discrimination against the Defendants and requests that the Court vacate the NYCHR's decision. (*Compare* with Kramer Decl., Ex. E.) Consequently, Plaintiff is barred from re-litigating her claims in this Court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED, and Plaintiff's Complaint is dismissed with prejudice for lack of subject matter jurisdiction.

---

[8] Furthermore, the claims unquestionably arise out of "the same factual groupings as" the earlier claims and are thus barred under New York State's transactional approach.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 20 and terminate the action. The clerk of the court is also directed to mail a copy of this opinion to Plaintiff and show proof of service on the docket.

Dated: April 23, 2018
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge